UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shivsaywack P. Singh

Plaintiff,

v.

Minneapolis Hilton & Towers,

Defendant.

Civil File No. 00-2508 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss for failure to exhaust administrative remedies under Title VII of the Civil Rights Act of 1964. For the reasons that follow, the Court denies the Motion without prejudice.

**BACKGROUND**

On October 31, 2000, Plaintiff Shivsaywack Singh ("Singh") filed a charge of employment discrimination with the Equal Opportunity Employment Commission ("EEOC") against his former employer, Minneapolis Hilton and Towers ("Hilton"). On November 1, 2000, at Singh's request, the EEOC issued Singh a notice of right to sue. Singh instituted this lawsuit two weeks later.

Hilton contends that Singh's Complaint should be dismissed for failure to exhaust administrative remedies. Specifically, Hilton claims that the EEOC did not comply with its own regulations in issuing the notice of right to sue, and that Singh should be required to

FILED FEB 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

refile his EEOC charge so that the EEOC can complete its investigatory process. Hilton attempts to ascribe a nefarious motive to Singh's request for the early issuance of the notice of right to sue, and claims that he should be held accountable for that early issuance. Specifically, Hilton requests that Singh's claim be dismissed until he and the EEOC comply with the administrative exhaustion requirements of Title VII.

For his part, Singh acknowledges that he sought the immediate issuance of a notice of right to sue. According to Singh, his only witness is planning to move out of state, and he was concerned that if the EEOC delayed issuing the notice of right to sue, he would be unable to secure the testimony of this witness. Singh requests that Hilton's Motion be denied, or that the Court stay the matter while he resubmits his charge to the EEOC.

**DISCUSSION**

Under 42 U.S.C. § 2000e-5(f)(1), the EEOC has 180 days from the filing of a charge of employment discrimination to file a civil action, enter into a conciliation agreement with the charging party, or issue a notice of right to sue to the charging party. In this case, the EEOC issued Singh a notice of right to sue only one day after he filed his charge. The notice of right to sue stated only that the EEOC was terminating its processing of the charge. (Kirsch Aff. Ex. C.)

The EEOC may, in some instances, issue a notice of right to sue prior to the expiration of the 180-day period. An early notice of right to sue may issue if the EEOC investigates and finds no probable cause for the charge. 42 U.S.C. §§ 2000e-5(f)(1), 2000e-5(b). An early

notice of right to sue may also issue if the EEOC determines that it "will be unable to complete its administrative processing of the charge" within 180 days. 29 C.F.R. § 1601.28(a)(2). In this case, the EEOC did not investigate Singh's charge, and did not make a determination that it could not complete the processing of that charge. It merely terminated the charge without any processing whatsoever. The remedy for the EEOC's failure to comply with its own procedures, according to Hilton, is the dismissal of Singh's charge.

As an initial matter, it is clear that if the EEOC had determined that it could likely not complete its processing of Singh's charge within 180 days, and thus issued an early notice of right to sue under 29 C.F.R. § 1601.28(a)(2), Hilton could not challenge the issuance of that notice. See Knazze v. Hennepin County, No. 99-CV-1230 (D. Minn. Nov. 17, 1999). Despite Hilton's protestations that Knazze is not on point because it involved a government entity defendant, the reasoning of Knazze was not limited to government entities. In fact, contrary to Hilton's attempt to downplay the significance of Knazze, that case specifically held that the authority on which Hilton relies for the proposition that the EEOC regulation is invalid, Martini v. Federal National Mortgage Association, 178 F.3d 1336 (D.C. Cir. 1999), cert. dismissed, 528 U.S. 1147 (2000), is not persuasive. Knazze, No. 99-CV-1230, slip op. at 6. Moreover, the cases on which Knazze relied for its holding did not involve government entities. See Sims v. Trus Joist MacMillan, 22 F.3d 1059 (11th Cir. 1994); Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726 (9th Cir. 1984). Nevertheless, because in this case the EEOC did not issue Singh's notice of right to sue

pursuant to § 1601.28(a)(2), both Knazze and Martini are inapposite.

Hilton asserts that it was denied the opportunity to address Singh's allegations administratively, and thus to potentially avoid the costs associated with litigation. Singh argues that he should not be penalized for the EEOC's failures. Both parties have presented compelling arguments in favor of their respective positions. The difficulty in this case is that the party responsible for Hilton's harm, the EEOC, is not before the Court. It is beyond comprehension that the EEOC, with an annual budget of $322 million, of which $247 million is earmarked for enforcement, cannot administratively process charges within the time allotted by Congress.[1] Moreover, it is astounding that the EEOC did not comply with its own regulations when issuing Singh's early notice of right to sue. The EEOC's purpose is to reduce employment discrimination litigation by providing an administrative forum for the airing of disputes. From this Court's perspective, the EEOC has time and again failed to fulfill that purpose.

The Court is unwilling to penalize Singh for the EEOC's failure in this regard. However, the Court is also loath to deprive Hilton of any administrative process to which it may be entitled. Therefore, the Court will stay this action to allow Singh to refile his charge of discrimination with the EEOC. He must refile the charge within 30 days. The EEOC shall then either complete its administrative processing of Singh's charge, or state that it is

---

[1] The EEOC's budget is just over 25% of the total budget for the entire United States Courts system.

unable to do so. The action can then be reopened upon issuance of a notice of right to sue. Should Singh or Hilton wish to secure the testimony of Singh's lone witness, they may depose that witness while the stay is in effect.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court denies Defendant's Motion to Dismiss for failure to exhaust administrative remedies. The Court will stay this matter while Plaintiff resubmits his charge of discrimination to the EEOC.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 3) is **DENIED without prejudice**; and

2. This matter is **STAYED** to allow Plaintiff to resubmit his charge to the EEOC. Plaintiff shall resubmit the charge within 30 days from the date of this Order.

Dated: February 16, 2001

Paul A. Magnuson
United States District Court Judge